**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PAMELA DUNKEL,

    Plaintiff,

vs.                                                      Case No. 3:15-cv-946-J-34JRK

JOSEPH HERTOGS,

    Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Plaintiff initiated this lawsuit on July 31, 2015, by filing a five-count Complaint (Doc. 1). Although Plaintiff does not specifically assert a basis for this Court's subject matter jurisdiction, it appears Plaintiff intends to invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Complaint ¶¶ 1-3. Plaintiff alleges that she is a "resident" of Florida, Defendant Joseph Hertogs is a "resident" of Virginia, and the amount in controversy exceeds

$75,000.  See id. ¶¶ 1-3.  However, these allegations are insufficient to establish diversity jurisdiction because Plaintiff fails to identify the citizenship of either party.[1]

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

The Court's review of the Complaint discloses that the requisite diversity of citizenship is not apparent from Plaintiff's allegations.  As the Complaint discloses only the residences of Plaintiff and Defendant, rather than their states of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case.  See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

---

[1] The Court notes that in the body of the Complaint Plaintiff also refers to "the defendant, Dawn Hamilton."  See Complaint ¶ 4.  However, Plaintiff does not list Dawn Hamilton in the caption of the Complaint, and she is not a party to this lawsuit.  Rather, it appears Plaintiff sued Dawn Hamilton in a separate action.  See Pamela Dunkel v. Dawn Hamilton, Case No. 3:15-cv-949-J-32MCR (M.D. Fla. filed July 31, 2015).

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[2] Accordingly, it is

**ORDERED**:

Plaintiff shall have until **August 31, 2015**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida, on this 4th day of August, 2015.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro se party

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").